**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE PATRICK STONE, | No. 13-55121 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02031-IEG-BLM |
| v. | |
| SHARP MESA VISTA HOSPITAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

George Patrick Stone appeals pro se from the district court's judgment

dismissing his action alleging various federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1998).  We affirm.

The district court properly dismissed Stone's action because Stone failed to state any plausible claims for relief.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations in a complaint may not simply recite the elements of a cause of action, nor can they be bald or conclusory; rather, they "must plausibly suggest an entitlement to relief"); *see also Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (elements of a discrimination claim under Title III of the Americans with Disabilities Act); *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for 42 U.S.C. § 1983 purposes, and conclusory allegations that a private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient to state a claim); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (elements of a claim under 42 U.S.C. §1983).

The district court did not abuse its discretion in denying Stone's motion for appointment of counsel because Stone failed to demonstrate exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

The district court did not abuse its discretion in denying Stone further leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)

(setting forth standard of review); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion is particularly broad where it has already granted leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**